Heriberto Leopoldo Hess Klinger et al., demandantes y apelados, *v.* Juan Mestres Baqués, Sucesión, demandados, y Luis Alberto Mestres, interventor y apelante.

Núm. 7938.—*Sometido:* Diciembre 19, 1939. *Resuelto:* Enero 8, 1940.

*Luis Mercader,* abogado del apelante; *Isaías M. Crespo,* abogado de los apelados.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La cuestión envuelta en este recurso no afecta a los demandados, contra los cuales los demandantes obtuvieron sentencia firme. Se trata de un incidente entre los demandantes y el interventor, al tratar aquéllos de hacer efectiva su sentencia en una finca hipotecada a éste. Prescindiendo de detalles innecesarios para la determinación de este recurso, los hechos

del caso pueden sintetizarse así: los demandantes eran due-
ños de tres fincas rústicas afectas a una hipoteca a favor de
Roses & Co. Siendo dueños además de otra finca rústica
libre de cargas, los demandantes agruparon las cuatro fincas
y las vendieron así agrupadas a dos personas, cada una de
las cuales adquirió una mitad proindivisa de la misma. Los
compradores quedaron a deber la cantidad de $650 por con-
cepto del precio aplazado y aunque constituyeron hipoteca a
favor de los vendedores sobre la totalidad de la finca agru-
pada por ellos adquirida, al inscribirse el contrato de com-
praventa no se solicitó la inscripción de la hipoteca, por lo
que el registrador, al extender la inscripción de la compra-
venta, mencionó expresamente la hipoteca por $650 constituída
en garantía del precio aplazado.

Uno de los dos compradores hipotecó su condominio a
favor del interventor por la cantidad de $1,200 de principal,
intereses, etc., inscribiéndose esta hipoteca en el registro de
la propiedad. Así las cosas, la hipoteca de Roses & Co.
fué ejecutada, perdiendo con tal motivo los demandados
dichas tres fincas y siendo cancelada en cuanto a ellas tanto
la mención de hipoteca a favor de los demandantes vende-
dores como la constituída e inscrita a favor del interventor.
Posteriormente los demandantes establecieron este pleito
contra los causahabientes de los compradores en cobro de los
$650, precio aplazado, y obtuvieron sentencia en rebeldía que
quedó firme por no haberse establecido recurso alguno contra
ella. Una vez firme la sentencia trataron los demandantes
de ejecutarla sobre la finca restante, o sea aquélla que no se
hallaba afecta a la hipoteca de Roses & Co., pero al tratar
de ejecutarla se confrontaron con la hipoteca que el inter-
ventor tenía inscrita sobre la misma finca. Dispuso la corte
inferior que se notificase de la subasta al interventor, y aun-
que él compareció y alegó tener mejor derecho que los deman-
dantes, sus pretensiones fueron desestimadas y finalmente
se vendió la finca en ejecución de la sentencia y se ordenó
la cancelación de la hipoteca del interventor en el registro

de la propiedad. Fué contra esta resolución que el interventor estableció el presente recurso.

El hecho de que la mención expresa del dominio o cualquier otro derecho real surte efecto contra tercero desde la fecha del asiento de presentación del título respectivo, como prescribe el Artículo 29 de la Ley Hipotecaria, parece haber confundido tanto a los demandantes apelados como a la corte sentenciadora, impidiendo así la correcta determinación de la controversia.

La mención que de la hipoteca se hizo a favor de los demandantes constituyó una advertencia a todo el mundo de la existencia de un derecho de hipoteca, *in potentia,* podríamos decir, derecho que podría quedar consumado tan pronto se inscribiese la hipoteca en el registro de la propiedad.

Una vez inscrita la hipoteca objeto de la mención, sus efectos legales se retrotraen a la fecha del asiento de presentación del título que motivó la mención, pues de no ser así no podría decirse con propiedad que la mención surte efecto contra tercero. La necesidad de inscribir el derecho objeto de la mención surge de los Artículos 1774 del Código Civil (ed. 1930) y el inciso 2 del Artículo 146 de la Ley Hipotecaria, dispositivos uno y otro de que para que la hipoteca quede válidamente constituída es necesaria su inscripción en el registro de la propiedad, y en todo caso surge también del segundo párrafo del Artículo 29 de la Ley Hipotecaria, que dice:

*"Lo dispuesto en el párrafo anterior se entenderá sin perjuicio de la obligación de inscribir especialmente los referidos derechos y* de la responsabilidad en que pueda incurrir la persona que en casos determinados deba pedir la inscripción." (Bastardillas nuestras.)

Morell, en su obra "Legislación Hipotecaria de Ultramar", glosando el citado artículo dice:

"Aunque la simple mención perjudique a tercero, *si éste* (se refiere al dueño del derecho mencionado) *quiere hacer valer su derecho ante los tribunales, necesita inscribir señaladamente su derecho, pues*

*ha de presentar un título inscrito a su favor.''* (Paréntesis y bastardillas nuestros.)

En el caso de autos, los demandantes no inscribieron su hipoteca antes de radicar la demanda en cobro del precio aplazado. Por consiguiente la acción por ellos establecida no era una en cobro de hipoteca, pues no hallándose inscrito el derecho no existía todavía la hipoteca. Pero asumiendo que la hipoteca se hubiese previamente inscrito, aún así la acción que ellos incoaron fué la personal en cobro de dinero, pues la acción no se dirigió contra los bienes al no solicitarse en la demanda la venta de la finca hipotecada, circunstancia ésta que caracteriza la acción real hipotecaria. Aparte de que mientras no se inscriba la hipoteca de los demandantes, la del interventor inscrita continúa siendo primera hipoteca, no tratándose en este caso de acción en cobro de hipoteca ya sea por el procedimiento sumario de la Ley Hipotecaria o por el ordinario del Código de Enjuiciamiento Civil, no son de aplicación el Artículo 125 de la Ley Hipotecaria según ha sido enmendado en 1912 (Leyes de ese año, pág. 65) y los 171 y 172 del Reglamento que autorizan la cancelación de los derechos de los segundos y posteriores acreedores hipotecarios si después de notificados de la subasta la finca hipotecada se vendiere o adjudicare ''para el pago del *primer acreedor* en términos de que el valor de lo vendido o adjudicado o no iguale o no supere el crédito hipotecario que se realiza.''

El caso de *Montes de Oca* v. *Báez et al.*, 23 D.P.R. 707, en que basó su resolución la corte sentenciadora, no es de aplicación al de autos. En aquél se resolvió que el Artículo 125 de la Ley Hipotecaria y los 171 y 172 de su Reglamento se aplican tanto al caso en que el crédito hipotecario se cobra por el procedimiento especial de la Ley Hipotecaria como cuando el acreedor opta por el procedimiento ordinario del Código de Enjuiciamiento Civil. En uno y otro procedimiento se trata de una acción real hipotecaria mientras que en el establecido por los demandantes en este caso la acción

es la personal en cobro de dinero, no aplicándose, por consiguiente, los citados preceptos legales.

El caso de *Mora* v. *Registrador*, 32 D.P.R. 794, invocado por los apelados, lejos de favorecerles les es adverso e ilustra perfectamente los principios que venimos enunciando en esta opinión. En aquél, José Mora vendió una finca urbana a Luis Perocier el 3 de julio de 1920 por $6,500, de los cuales pagó el comprador la cantidad de $500 y en la misma escritura constituyó hipoteca para garantizar el precio aplazado. Presentada la escritura en el registro de la propiedad, el registrador la inscribió el 5 de agosto de 1922 a favor del comprador, y como no se solicitó la inscripción independiente del gravamen, se limitó el registrador, de acuerdo con la ley, a hacer constar el dominio, expresando la mención de la hipoteca por el precio aplazado. Perocier hipotecó la misma finca a Sucesores de Esmoris y Compañía en garantía de $5,000, inscribiéndose esta hipoteca el 5 de agosto de 1922. Posteriormente, el 18 del mismo mes, se inscribió a favor de Mora la hipoteca mencionada en la inscripción de la compraventa a favor de Perocier desde el 5 de dicho mes. No habiendo satisfecho Perocier el precio aplazado, Mora lo cobró ejecutando la hipoteca por el procedimiento sumario hipotecario, notificándose de la subasta a Sucesores de Esmoris y Compañía. Vendida así la finca el 7 de enero de 1924, se adjudicó al propio Mora por $2,000. A instancias de éste, la Corte de Distrito de Mayagüez ordenó la cancelación de la hipoteca de Sucesores de Esmoris & Cía., cancelación que denegó el Registrador de la Propiedad de Mayagüez por entender, equivocadamente, desde luego, que habiéndose inscrito la hipoteca de Sucesores de Esmoris & Cía. antes que la de Mora, no eran de aplicación los preceptos legales anteriormente citados por no tratarse de la ejecución de una hipoteca preferente a la de Esmoris. Este tribunal, al revocar la nota recurrida, dijo:

"El registrador sostiene que no procede la cancelación porque aunque la hipoteca de Esmoris se constituyó después que la de Mora,

es lo cierto que se inscribió antes de que la de Mora lo fuera separadamente y por lo tanto no puede estimarse como un gravamen posterior que deba cancelarse de acuerdo con lo dispuesto por el artículo 125 de la Ley Hipotecaria que dejamos transcrito.'' (Pág. 797.)

"Una vez que la hipoteca quedó separadamente inscrita, no existiendo duda sobre su fecha por constar en documento público y habiendo sido mencionada con anterioridad en el registro, la conclusión a que llegara la corte de distrito en el sentido de que la hipoteca de Esmoris era posterior y podía y debía ordenarse su cancelación, está justificada por los hechos y la ley.'' (Pág. 800.)

No tratándose en este caso del cobro de una hipoteca por medio de la acción real hipotecaria, ya sea la establecida en la Ley Hipotecaria o la ordinaria del Código de Enjuiciamiento Civil, no procede la aplicación de los Artículos 125 y 171 y 172 anteriormente citados y por consiguiente se excedió la corte en su jurisdicción y cometió error al tratar de aplicarlos al presente caso.

*Por lo expuesto, procede revocar la resolución apelada y devolver el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Hutchison no intervino.*